**TIMOTHY J. RYAN, (99542)**
**REBEKKA R. MARTORANO, (173600)**
**THE RYAN LAW GROUP**
400 Capitol Mall, Suite 2540
Sacramento, California 95814
Telephone: (916) 924-1912
Facsimile: (916) 923-3872
tryan@ryanlg.com
rmartorano@ryanlg.com

Attorneys for Defendant
Deere & Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ZENITH INSURANCE CO., a California Corporation,<br><br>Plaintiff,<br><br>v.<br><br>DEERE & COMPANY, a Delaware Corporation,<br><br>Defendant. | Case No. 1:17-CV-01493-LJO-BAM<br><br><br>**STIPULATED PROTECTIVE ORDER** |

During discovery in this action, the parties to this action ("Parties") may be required to produce documents, answer interrogatories and requests for admission, or provide testimony ("Discovery Material"), that might reveal sensitive, confidential and/or proprietary information and/or trade secrets, which should not be disclosed except in a highly restricted manner. The undersigned Parties therefore agree that:

**STIPULATED PROTECTIVE ORDER**
1

1.      The Parties shall have the right to designate as confidential certain portions of Discovery Material, provided that it concerns bona fide proprietary information.  Translations, interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, briefs that quote, summarize, or contain materials entitled to protection under this Stipulated Protective Order shall be treated in accordance with the terms of this Stipulated Protective Order.

2.      Any material designated as confidential (hereinafter "Confidential Material") shall have the legend "CONFIDENTIAL" placed on it in a manner obstructing the least possible amount of writing or other information on the page, and thereafter shall be treated pursuant to the provisions of this Stipulated Protective Order.

3.      Confidential Material shall be used by the receiving Parties and their counsel solely for the preparation and trial of this action, and shall not be communicated at any time, in any manner, directly or indirectly, to anyone other than a person qualified under the terms of this Stipulated Protective Order as set forth in paragraph 4, below.  The Parties' attorneys of record are responsible for employing adequate and reasonable measures to ensure compliance with this Stipulated Protective Order.

4.      Access to Confidential Material, and to the information contained therein (including translations, extracts and summaries derived from such material), shall be restricted to the following Qualified Persons:

    A.      each Party's attorneys working on these actions, and their employees or agents working on these actions;

B. each Party, and its employees, officers and agents who are working on these actions and whose assistance is required in the preparation of these matters for trial;

C. experts and consultants who are employed or retained by each Party or its counsel, but only if the Party retaining the experts and consultants reasonably believes the experts and consultants need the material to render such assistance, and further provided that the experts and consultants may not retain the material after that use has ended, and further provided that such experts and consultants are advised of the existence of this Stipulated Protective Order and given an opportunity to read it, and agree to treat such material in accordance with its terms;

D. any persons who are deposed in these actions, whether appearing voluntarily or pursuant to a validly issued notice or subpoena;

E. private court reporting, videotaping, and document reproduction services;

F. the Court and its support personnel and court reporters;

G. the trier of fact; and

H. any person designated by: (i) written consent of the disclosing party (in the case of third party testimony, by the written consent of all of the Parties), or (ii) by the Court in the interests of justice, upon such terms as the Court may deem proper.

5. Before making disclosure of any material to any Qualified Person under paragraphs 4(c) and (d) of this Protective Order, the Party seeking to make such disclosure shall obtain the written agreement pursuant to the form attached hereto as Exhibit "A".

6. The inadvertent failure of a Party to designate material as Confidential Material at the time of production shall not constitute a waiver of that Party's claim to confidentiality as long as, upon discovery, it promptly designates such material as Confidential Material under the protection of this Stipulated Protective Order. The recipient of such material agrees to cooperate with the Producing Party to remedy any inadvertent disclosure including, without limitation, returning the undesignated material and all copies, wherever located, to the Disclosing Party upon receipt of replacement designated material.

7. The Parties shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and failure to do so shall not preclude a subsequent challenge to such a designation. In the event that a Party disagrees at any stage of these proceedings with another Party's designation of any material as Confidential Material, the Parties shall attempt to resolve such dispute in good faith on an informal basis, then the dispute shall be presented to the Court by motion of the party seeking confidential status. Until the Court rules on the challenge, all Parties shall continue to afford the material in question the level of protection designated by the Producing Party. Any material as to which such a motion is made shall be treated as Confidential Material under the provisions of this Order until further order of the Court.

8. If a Party intends to submit to the Court a document marked as confidential either before or during trial, that Party or any other Party may request that such document be placed under seal. If the Parties agree, such request shall be presented to the Court as a stipulated motion. Otherwise, the request shall be presented to the Court as a contested motion. The purpose of this provision is to avoid placing documents under seal unnecessarily.

9. Nothing in this Order shall limit a Party's right to disclose its own information and documents to any person for any purpose nor to use them for any purpose, nor does it limit a

Party's right to disclose information and documents which are publicly available or available to the Party through non-confidential sources to any person for any purpose.

10. Within thirty (30) days of the termination of this litigation, including settlement or the final determination of any appeal, counsel for each Party shall return all Confidential Material and all copies, summaries, translations or excerpts thereof to counsel for the Party that produced it, or shall destroy all such materials. Each such counsel returning or destroying Confidential Material shall certify that he or she has recovered all Confidential Material from those persons to whom such materials may have been distributed during the litigation and has returned such documents to appropriate opposing counsel, or has destroyed them. With respect to documents that are transmitted and/or saved electronically, counsel for the receiving Party shall certify that the document has been deleted. Counsel shall further certify that neither the Party, its counsel nor its staff, has transmitted, nor will transmit, either directly or indirectly, any of the information contained within the Confidential Materials to any other person, party, or entity other those listed in Paragraph 4 above.

11. In the event that any recipient of any material covered hereunder is served with a subpoena, document request, or other request for production in another action, such recipient shall advise that the material was produced, and is still subject to, a protective order, and immediately notify counsel for the Producing Party (and in the case of third-party testimony, shall immediately notify counsel for all Parties). The Receiving Party shall not oppose the Producing Party's effort to seek appropriate relief and shall cooperate in good faith with the Producing Party's effort to intervene in the proceeding, quash the subpoena, or other reasonable action to seek appropriate relief.

12. This Stipulated Protective Order shall survive the termination of this litigation and the Court shall retain jurisdiction over the Parties and their attorneys, agents, and employees to enforce the provisions hereof.

13. Nothing contained in this Stipulated Protective Order, and no action taken pursuant to it, shall prejudice the right of any Party to contest the alleged relevancy, admissibility, or discoverability of the material covered by it.

14. This Stipulated Protective Order represents a valid and binding agreement of the Parties effective as of the date executed by their authorized representatives.

AGREED by and among the Parties, by and through their duly authorized representatives, intending to be legally bound.

Dated: April____, 2018          PARKER KERN NARD & WENZEL

                                By:
                                    ERIC V. GRIJALVA
                                    Attorneys for Plaintiff
                                    Zenith Insurance Co.

Dated: April____, 2018          THE RYAN LAW GROUP

                                By:
                                    TIMOTHY J. RYAN
                                    REBEKKA R. MARTORANO
                                    Attorneys for Defendant
                                    Deere & Company

## **ORDER**

The Court adopts the stipulated protective order submitted by the parties. However, in addition to the above stipulation, the parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents to be filed under seal and specifically the documents referred to in paragraph 8 must be accompanied by a written

request which comply with Local Rule 141 prior to sealing. The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-78 (9th Cir. 2009). Within five (5) days of any approved document filed under seal, the party shall file a redacted copy of the sealed document. The redactions shall be narrowly tailored to protect only the information that is confidential or was deemed confidential.

IT IS SO ORDERED.

Dated: __June 14, 2018__   /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE